*14
 
 Pearson J.
 

 The equity of the plaintiff is this : he owed a debt of about $90, for which the defendant, Kinnaman, had been for many years his surety, holding a mortgage upon a tract of land, on which the plaintifflevied for security. In'1844, the plaintiff received his note, and substituted the defendant Snider as his surety on the note, in place of Kinnaman, and intended to execute to Snider a mortgage on the same land for security : but by the ignorance or mistake of the draftsman, one John C. Blum, the deed was drawn so as to convey an absolute estate, and was not.in the form of a mortgage. Afterwards Snider became entangled, his property was sold under execution, and, among other things, the tract of land, on which the plaintiff resided, was sold as the property of Snider, and was purchased by the defendant, Kinnaman, who is seeking to oust the plaintiff by an action of ejectment.
 

 'The bill prays to have the deed to Snider reformed, and converted into a moiigage, and that Kinnaman be enjoined from taking possession.
 

 The answer of Kinnaman admits that he had, for many years, been the surety of the plaintiff for the debt, and held a mortgage on the land. It does not admit that ih-* conveyance to Snider was intended as a mortgage, and sets out an argumentative denial of the allegation, but rests the defence, mainly, on the ground, that he is a purchaser at Sheriff’s sale, for full value, and without notice of the fact, that the conveyance to Snider was intended to be a mortgage, and was, by mistake, drawn in the shape of an absolute deed, if such should be proven to have been the-fact. It admits, however, that the plaintiff was in possession at the time of the Sheriff’s sale, and had been living on the land for'the last forty years. The defendant Snider, who is the son-in-law of the plaintiff, admits the allegations of the bill.
 

 
 *15
 
 A motion to dissolve the injunction, upon the bill and answers, was allowed m the Court below, and the plaintiff appealed.
 

 We do not concur in the view taken by his Honor. The case rests upon the allegation of a mistake in drafting the deed to Snider. This is the
 
 point in the
 
 case. The defendant, Kinnaman, of course, could not deny it positively, because he was not privy to the transaction and the injunction ought to have been continued until the hearing, so as to give the plaintiff an opportunity of proving it.
 

 We presume his Honor acted on the idea, that Kinna-man was a purchaser for value and
 
 positively denied notice,
 
 and did not advert to the principle, that a
 
 purchaser at sheriff’s sale
 
 cannot ’protect himself against an equity, because he did not have notice. The distinction is well settled. If a mortgagee or trustee conveys the land to a purchaser for value and without notice, the latter holds discharged of the trust, for he has an
 
 “
 
 equal equity,” and the consequences of the breach of confidence on the part of the trustee, should fall on the
 
 cestui que trust,
 
 who confided in him, rather than on an innocent third person. In sales made by sheriffs under the power given by statute, the case is altogether different The statute subjects only the estate and interest of the debtor to the payment of his debts; and this is all which it confers on the sheriff power to sell. Of course, the purchaser, who represents the creditor, cannot acquire more than belonged to the debtor; for that was all that was intended by the statute to be made liable for his debts, and all that the sheriff had power to convey. There is, then, in such cases, no breach of confidence on the part of the trustee, which makes it necessary in order to protect an innocent third person, to throw the loss on the
 
 cestui que trust,
 
 and he has a right to say, I have
 
 *16
 
 a prior equity, and it is against both law and conscience to sell my estate to pay the debts of another.'
 

 The distinction is well settled by the authorities, and we believe upon sound and correct reasoning.
 

 This opinion will be certified.
 

 Pirn- Curiam. Decretal order to be reversed.